PER CURIAM.

(No. 4995—Claim )

FRANCES WASILKOWSKI and JOHN WASILKOWSKI, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 6, 1973.*

LOUIS M. MARCH, Attorney for Claimants.

WILLIAM J. SCOTT, Attorney General; MORTON ZAS-
LAVSKY, EDWARD ARKEMA AND SAUL WEXLER, Assistant
Attorney General, for Respondent.

PER CURIAM.

Claimant Frances Wasilkowski seeks recovery of
$25,000 damages for injuries suffered in a collision be-
tween her automobile and a truck owned by respondent,
State of Illinois on March 8, 1961. John Wasilkowski
seeks recovery for loss of consortium due to the injuries
of claimant.

It appears from the evidence that on the date in
question, at 5:30 p.m., Claimant was traveling south-
bound on Route 31 approximately one mile North of
Route 176. It was windy and snowing and snow was on
the ground. The roads were icy. According to Claimant,
she was traveling between 15 and 20 miles per hour. The
highway was two lanes, with one northbound and one
southbound lane. She was traveling on an unplowed lane
and was following tracks in the snow which was approx-
imately six to eight inches deep. Claimant had left the
restaurant where she worked as a waitress at approxi-
mately five p.m. She testified that she had finished
working at 2:00 p.m. and that she may have had between
two to four drinks before leaving. According to claimant,
she was driving on her side of the road and noticed
respondent's snow plow approaching her at five or six car
lengths on the other side of the road. Claimant testified
that as she came alongside the respondent's vehicle
something whipped out from the back of the snow plow
truck and hit her car. The next memories of the witness
were of regaining conciousness in the car and being
driven in an ambulance to the hospital where she re-

mained for five or six days. The claimant, her physician and her husband John Wasilkowski testified concerning the injuries suffered in the accident.

Former State Trooper Walter Ziel testified that he had been called to investigate the accident on the day in question. The witness testified that he had personally given or taken part in 25,000 breath tests concerning alcoholic beverages, and that he spent approximately 5 to 7 minutes with claimant in her automobile waiting for the ambulance and noticed that she had an "extremely strong odor of alcohol on her breath." Claimant was unconscious during this time. He further testified that because of the snow he couldn't determine whether either the truck or the auto was on the road at the time of the accident.

The driver of the truck with the snow plow, Frank E. Krueger, an employee of the Division of Highways testified that on the day of the accident, he was driving northbound on Route 31. Paul Schmidt accompanied the witness as an assistant or driver's helper. Mr. Krueger had been driving trucks for eight to ten years prior to the accident. Krueger testified that he was traveling between 10 and 12 miles per hour which is normal when traveling with the "equipment down" and that his headlights were on. He was plowing snow off the highway and there was approximately one inch of frozen ice under the snow. It was very slippery and the visibility was poor with snow falling and blowing. The truck had snow tires on both front and rear and was being driven in "creeper gear" which could be brought to an instant halt within four or five feet. The snowplow is mounted on an angle on the front of the truck. The plow measures approximately nine feet across and protrudes approximately two and one half feet beyond the left side of the truck. A cinder

spreader is mounted on the rear of the truck and does not protrude beyond either side of the truck. Krueger further testified that he had been plowing the road in a straight line with the edge of the highway as a guide. The truck that he was driving has four wheels in the rear and two in the front, with three wheels off the road on the right shoulder at all times. No portion of the truck was protruding beyond the center line at the time of the collision. Mr. Krueger observed claimant's car at a distance of approximately three or four hundred feet. He estimated that she was traveling forty to forty-five miles per hour. The witness reduced his speed upon seeing claimant's car. Claimant continued in a straight line for until approximately 200 feet from the truck, and then began to weave. Krueger stated: "Her rear end of her car was going over the center line coming back and going over the center line and coming back." Krueger instructed his helper to pull up the wing of the plow and then he drove the truck onto the shoulder of the highway. According to Krueger, the truck was completely stopped when he heard the click of claimant's car striking the truck. After the impact the claimant's car continued about fifty feet straight south and ended up facing south in a snow bank off the shoulder of the highway. The claimant's car struck the body of the truck, the rear wheel and the cinder spreader, severing the spreader from the truck. After the accident Krueger observed weaving tire tracks in the snow. The accident occurred in the northbound lane of traffic.

Stanley Brown, testified on behalf of claimant that he was driving a truck tractor northbound about 90 to 100 feet in back of the truck with the snow plow. He testified that the plow seemed to dig into the ground and that the rear end of the truck veered into the southbound lane.

Before claimant may recover, it must be proved by a preponderance of the evidence that (1) that claimant was free from contributory negligence; (2) that respondent was negligent; and (3) that such negligence was the proximate cause of the accident.

Claimant has failed to prove either that she was free from contributory negligence or that respondent was negligent. Although the witnesses differed with regard to the speed of the claimant's car, claimant did not prove that she was in control of the vehicle she was driving, nor that she was not under the influence of alcohol at the time of the collision.

The Court therefore holds that the claim is denied.